### 25423. BLAYLOCK v. DeFOOR.

ALMAND, Chief Justice. William H. Blaylock, as the natural father of Tommy E. Blaylock, a minor less than 17 years of age, brought his petition for the writ of habeas corpus alleging that his son was being illegally detained by the defendant, Don DeFoor, Chief Supervisor of the Cobb County Juvenile Court. He alleged that the defendant obtained illegal possession of said minor child as a result of an order of the Juvenile Court of Cobb County. He further alleged that at the time of the hearing, the mother of the minor child stated that she did not have an attorney and was unable to obtain one or pay for his services, and that his plea of guilty was, therefore, obtained in violation of due process.

Respondent, in his answer, asserted that his custody of the minor was by virtue of an order of the Juvenile Court of Cobb County. A copy of the order attached to the petition

recited that said minor was found to be in a state of delinquency and in need of corrective treatment, care and rehabilitation, and ordered that the child be committed to the Division for Children and Youth, Department of Family and Children Services, pursuant to statutory authority (Ga. L. 1963, pp. 81, 105; *Code Ann.* § 99-213).

On the hearing on the writ, the mother testified on direct examination that she was present in the Juvenile Court of Cobb County when the matter involving her minor son came on for a hearing. When asked whether she had an attorney, she replied that she could not afford one. No one else explained the effect to her of her son's pleading guilty.

She testified on cross examination that she was employed and earning $55 to $60 per week, and that she owed Mr. Cobb for representing her son in a prior juvenile court hearing. She further testified that Mr. Cobb would not represent her son in this hearing unless his fee in the prior case was paid. She knew that her son had a right to have an attorney and was advised of that right prior to any proceeding taking place. She did ask the court to provide her with an attorney.

The father of the minor testified that though he knew of the hearing in the juvenile court, he did not attend it. He said that he was employed, earning take-home pay of $92 a week, and that he did not employ an attorney to represent his son.

At the conclusion of the evidence, the trial judge remanded the minor to the custody of the respondent. An appeal was entered and error is enumerated on this order. *Held:*

1. The record discloses that the minor was being held by the respondent by virtue of an order of the Juvenile Court of Cobb County which was valid on its face.

2. The sole ground upon which petitioner claimed that the custody of the minor in the respondent was illegal was, "that at the time of the trial or hearing, the mother did state that she did not have an attorney and was unable to obtain or pay one for his services; the same being not equally voluntary and knowing, and therefore said plea was obtained in violation of due process and is void." The evidence on the issue was conflicting. The trial judge was authorized under the evidence to find that the father was financially able to employ an attorney to represent his son, and that the mother was advised at the hearing of the child's right to counsel and did not request the court to provide counsel for her son.

The evidence on this sole issue did not demand a finding in favor of the petitioner. *Hurt v. Balkcom,* 210 Ga. 577 (82 SE2d 3).

*Judgment affirmed. All the Justices concur.*

SUBMITTED SEPTEMBER 9, 1969—DECIDED NOVEMBER 6, 1969.

*L. S. Cobb, Doyle C. Brown,* for appellant.

*Edwards, Bentley, Awtrey & Parker, G. Grant Brantley,* for appellee.